MR. CHIEF JUSTICE TURNAGE,
concurring:
I have signed the majority opinion because I believe the result of the majority will offer some clarification to the existing law as well as remove unconstitutional provisions from the statutes.
I do not agree with all that has been said about the Public Trust Doctrine in this opinion and in the Curran and Hildreth decisions.
It was not then and it is not now necessary to resort to the theory of Public Trust Doctrine to find a right to the use of surface waters in this State for recreational purposes. This right, to whatever extent it may ultimately develop, is to be found in the express language of Article IX, Section 3(3) of the Montana Constitution, which provides:
“All surface, underground, flood and atmospheric waters within the boundaries of the state are the property of the state for the use of its people and subject to appropriation for beneficial uses as provided by law.”
The Public Trust Doctrine is not expressly set forth in the Montana Constitution. It is a legal theory created by courts. This Court should not resort to creating or finding legal theories when a result can be reached from express constitutional language.
If the State of Montana is to be considered a trustee over waters of this State, or a trustee over any other property, under a Public Trust Doctrine, then the State must be held to the standard that applies to all trustees which standard requires that the trustee must own legal title to the property over which trust power is sought to be exercised.